United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
James Thomas,                                                    Case No. 04-75206-R
        Debtor.                                              Chapter 7
_____/

Elliot Ware,
        Plaintiff,

v.                                                               Adv. No. 05-4256

James Thomas,
        Defendant.
_____/

Opinion Granting Plaintiff's Motion for Summary Judgment

      The plaintiff, Elliot Ware, is a judgment creditor of the debtor, James Thomas. Ware filed suit in the Wayne County Circuit Court against Thomas alleging fraudulent misrepresentation, innocent misrepresentation, conversion, and intentional infliction of emotional distress. The state court concluded that Thomas failed to file an adequate answer and that certain of the allegations in the complaint were deemed admitted. The court then entered a judgment for summary disposition in favor of Thomas. The court held a trial on damages and granted Ware a judgment in the amount of $60,223.50.

      Thomas then filed this chapter 7 bankruptcy and seeks to have the judgment debt discharged. Ware filed this adversary proceeding asserting that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). In this motion, Ware asserts that summary judgment is appropriate based on collateral estoppel.

I.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.*, 800 F. Supp. 547, 549-50 (E.D. Mich. 1992) (citations omitted).

II.

The Supreme Court has held that the doctrine of collateral estoppel is applicable in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658, 112 L. Ed.2d 755 (1991). Federal common law governs the claim-preclusive effect of all federal court judgments. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-8, 121 S. Ct. 1021, 1027-28, 149 L. Ed.2d 32 (2001). . . . The Sixth Circuit has addressed a federal rule of issue preclusion, requiring "that the precise issue in the later proceedings [had] been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981), *overruled on other grounds*, *Bay Area Factors. v. Calvert* (*In re Calvert*), 105 F.3d 315, 219 (6th Cir. 1997).

*Monsanto Co. v. Trantham* (*In re Trantham*), 304 B.R. 298, 305 (B.A.P. 6th Cir. 2004).

A final judgment, including a default judgment, satisfies the "actually litigated" requirement of the federal issue preclusion doctrine if the elements of the allegations have previously been litigated. *James M.*

2

*Kohlenberg & John R. Med. Clinic, P.C. v. Baumhaft* (*In re Baumhaft*), 271 B.R. 517, 522 (Bankr. E.D. Mich. 2001); *Fifth Third Bank of Nw. Ohio v. Baumhaft* (*In re Baumhaft*), 271 B.R. 523, 528 (Bankr. E.D. Mich. 2001); *Cresap v. Waldorf* (*In re Waldorf*), 206 B.R. 858, 868 (Bankr. E.D. Mich. 1997). The Supreme Court has stated that cases are entitled to such effect when there was an opportunity for a full and fair hearing. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332-33, 99 S. Ct. 645, 652 (1979) (indicating that findings made in a default proceeding have such effect). Further, many courts have found that when a defendant has engaged in contentious and dilatory tactics in the first proceeding, the defendant cannot now "have a second bite of the apple." *Bush v. Balfour Beatty Bahamas, Ltd.* (*In re Bush*), 62 F.3d 1319, 1324 (11th Cir. 1995) (finding that a default judgment, when imposed because of defendant's contemptuous behavior, fulfills the "actually litigated" prong) (citation omitted); *see also FDIC v. Daily* (*In re Daily*), 47 F.3d 365, 368 (9th Cir. 1995).

When determining whether collateral estoppel arises from a prior state court judgment, federal courts apply the law of the state in whose courts the prior judgment was entered. *See Calvert*, 105 F.3d 315 (holding that the Full Faith and Credit Statute directs federal court to refer to the preclusion law of the state in which the judgment was rendered); *see also Pahlavi v. Ansari* (*In re Ansari*), 113 F.3d 17, 19 (4th Cir. 1997).

In this case, the order granting summary disposition stated that the only issue remaining before the court was the issue of damages. (Order Granting Summary Disposition, dated July 9, 2004.) In Michigan, a default judgment operates as a final judgment in the case, not subject to re-litigation; accordingly, even if in this case the summary disposition is viewed as a default judgment, collateral estoppel would be applicable. *Allied Elec. Supply Co. v. Tenaglia*, 602 N.W.2d 572, 573 (Mich. 1999).

III.

Ware argues that under 11 U.S.C. § 523(a)(2), the judgment is nondischargeable. Section 523(a)(2) provides:

> (a) A discharge under Section 727, 1141, 1228(a),1228(b) of this title does not discharge an individual debtor from any debt–
> * * *
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2).

In the complaint in Wayne County Circuit Court, Ware asserted that:

13. [Thomas], intentionally made false representations of material facts to [Ware] when he falsely promised to deliver title to the subject vehicle upon full payment on the vehicle pursuant to the purchase contract. [Thomas's] representations were false when they were made.

14. [Thomas] knew that [his] representations were false when they were made or he made them recklessly, without knowing whether they were true.

15. [Thomas] intended that [Ware] rely on the representations.

16. [Ware] relied on [Thomas's] false representations in purchasing the subject vehicle.

17. As a result of [Thomas's] fraudulent misrepresentations, [Ware] has suffered substantial economic losses.

(Wayne County Circuit Court, Complaint, ¶¶ 13-17).

The circuit judge held that Thomas had admitted allegations ten (10) through thirty (30) in Ware's

4

complaint pursuant to MCR 2.111(E) as a result of Thomas's failure to file a complete answer. (Wayne County Circuit Court, Order Deeming Allegations Ten through Thirty in Plaintiff/Counter-Defendant's Complaint Admitted). The court issued an order granting summary disposition in favor of Ware, stating that a hearing had been held and that the motion for summary disposition was granted under MCR 2.116(C)(8), (9) and (10). (Wayne County Circuit Court, Order, July 9, 2004). The court then conducted an evidentiary hearing on damages and held Thomas liable for damages of $60,223.50.

This Court concludes that the issue of whether Thomas obtained money or property from Ware by "fraud and willful misrepresentation" was actually litigated and that the Wayne County Circuit Court's finding in Ware's favor on that issue was necessary to the final judgment. The same issue is present in this § 523(a)(2) nondischargeability action. Because Michigan law would preclude Thomas from re-litigating these factual issues, Thomas is precluded from re-litigating these issues in this adversary proceeding.

IV.

Thomas argues that the motion for summary judgment should be denied because the order deeming the allegations admitted does not have the effect of an admission of those allegations in the pending action. However, collateral estoppel results from the court's granting of summary disposition and making all of the factual findings necessary to support that judgment, and not through the court's order deeming the allegations admitted. This Court has no jurisdiction to review the state court's judgment granting summary disposition. Accordingly, Thomas's argument must be rejected.

Therefore, the Court concludes that Ware's motion for summary judgment should be granted. The state court judgment of $60,223.50 is nondischargeable pursuant to § 523(a)(2).

5

05-04256-swr    Doc 46    Filed 03/21/06    Entered 03/21/06 11:56:48    Page 5 of 6

An appropriate order will be entered.

Not for Publication

**Entered: March 21, 2006**

/s/ Steven Rhodes
**Steven Rhodes
Chief Bankruptcy Judge**